UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
12:54 pm, Aug 04, 2020
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

| | |
|---|---|
| THOMAS A. MYERS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | )    1:20-cv-02044-JPH-MPB |
| | ) |
| MUNCIE CITY POLICE DEPARTMENT, | ) |
| CHIEF NATHAN SLOAN, | ) |
| OFFICER JOSH CARRINGTON, | ) |
| OFFICER DANIELLE BRADFORD, | ) |
| OFFICER JOHN HENDERSON. | ) |
| | ) |
| Defendants, | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Thomas A. Myers, by counsel, files his Complaint against Defendants and in support states:

### NATURE OF CASE

1. This is an action for damages brought by Plaintiff Thomas A. Myers ("Mr. Myers") for Defendants' constitutional deprivations, and violations of Indiana law.

### JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court by 28 U.S.C. ss: 1331 as this matter involves federal questions under 42 U.S.C. ss: 1983

3. Venue is proper in this Court pursuant to 28 U.S.C. ss: 1391 in that the conduct that gives rise to the Complaint took place in Delaware County, Indiana.

### PARTIES

4. Mr. Myers is an adult citizen of the United States and a resident of the City of Muncie, Delaware County, Indiana.

5.      Defendant Muncie City Police Department Police Chief Nathan Sloan, Police Chief for the Muncie City Police and at all times relevant hereto to the employer of the other defendants as Officer Josh Carrington, Officer Danielle Bradford, Officer John Henderson, who were working as public fiduciary servants as Muncie City Police servants as Muncie City Police Officers when the conduct of the alleged herein occurred. At all times relevant hereto, Defendant Chief Sloan has been made the final decision maker to final decision maker as to conduct policies and practices that apply to treatment of aggressive conduct of officers, educational as to the application of laws what types of leading and misrepresented statements are acceptable to use. (The treatment of fundamental Rights and the Constitutional Rights of the non detained citizens) of the City of Muncie, Indiana. Defendant Chief Sloan was at all times relevant hereto acting within the scope of his employment and under the color of state law. Defendant Chief Sloan is sued in his official capacity.

6.      At all times relevant hereto, defendants A [CARRINGTON, BRADFORD, HENDERSON,] were employed as Muncie City Police Officers and participated in the deprivation of Mr. Myers's rights under federal law and are sued in the individual capacities.

## FACTS

7.      In the late hours of 08/02/2018 the Muncie, Indiana Police Department was dispatched to a call of a dispute over a cab fair.

8.      When the Muncie, In. Police arrived Officer Carrington had immediately ordered Officer Bradford to detain Mr. Myers in handcuffs before ever identifying Mr. Myers or witnessing any crime.

9.      While already detained and handcuffed, before any attempt to ascertain the situation, Mr. Myers was accused by Muncie City Police Officer Carrington of "NOT PAYING FOR HIS FAIR" Officer Carrington said if I did not pay $20.00 cab fair I would go to jail for auto theft, for a cab fair that was not Mr. Myers fair yet three unidentified individual whom had left the scene. Mr. Myers had already

paid his fair to and from his home and given a $7.00 tip thiry minutes previous to the three new cab occupants picked up from two other locations.

10.    Officer Bradford told me to pay the fair so I did not go to jail for auto theft. Exclaiming against it and reluctant Mr. Myers allowed Officer Bradford to take $20.00 from his left front pocket, as Mr. Myers had $85.00 on his person at the time of the extortion.

11.    Immediately after paying they extorted $20.00 fee. Officer Carrington ordered Officer Bradford to have Mr. Myers transported to Delaware County Jail for auto theft. After stating "take him to jail" Officer Carrington stated "YOU WILL NOT GET OUT OF THIS ONE!", refering to the dismissed case the morning of this arrest Officer Carrington was involved in CAUSE NO18 C04 - 1709- cm- 000129.

12. Officer Henderson transported Mr. Myers to the Delaware County Jail, where he remained for the entire time the Delaware County Jailers beat Mr. Myers until his spine was broken in five places. Ref. 119-c.v.-221 2018 arbitration.

## LEGAL CLAIMS UNDER

## 42 U.S.C. 1983

13. Plaintiff hereby incorporates by reference the allegations in paragraphs 1-12 above.

14. The Constitutional violations to Mr. Myers were intentional, malicious ,and believed to be vindictive, served no legitimate purpose and no crime has ever been prosecuted for this arrest, which resulted in serious bodily injury and defamation.

15. Muncie City Police Chief Sloan refused to develop a system that implemented ,develope and /or monitored the interaction and application of law.

16. Muncie City Police Officer conduct and "common Practice" are known to be deliberately indifferent to the "COLOR OF LAW". And prior and frequently accruing practices.

17. Muncie City Police Cheif Sloan is responsible for the actions of the officers in his command and therefore ultimately responsible for Mr. Myers safety.

Muncie City Officers, Officer Josh Carrington, Officer Danielle Bradford, Officer John Henderson aided abetted the false imprisonment and assault on Mr. Myers without justification, excuse, or reasoning, intentionally violating his rights and inflicting sever damage as a result thereof.

18. NO CHARGES OR CRIMINAL PROCEEDINGS HAVE EVER BEEN BROUGHT FROM THE ARREST.

19. Defendants Violated Mr. Myers Rights under Indiana State Constitution :

>   I, IX,  XI,  XII,  XIII,  XV.  XVI,  XVIIII

20. Defendants violated Mr. Myers United States Constitutional Rights

FOURTH AMENDMENT, SIXTH AMENDMENT, EIGHTH AMENDMENT, NINTH AMENDMENT, FOURTEENTH AMENDMENT

21. Defendants violated 42 U.S.C. 1983 causing Mr Myers to suffer.

## Legal claims under state law

Plaintiff hereby incorporates by reference the allegations in paragraphs 1-21 above.

22. Police Officers violated Indiana law by deliberately, maliciously, and internationally inflicting constitutional violations while under the guise of color of state law inflicting severe bodily damage without justification or excuse and or by aiding and abetting the assault.

23. Violation of Indiana law by common practice readily accepted by the chief of police and all officers caused Mr. Myers to suffer damages.

24. Mr. Meyers filed a timely Tort Claim Notice in compliance with Indiana Code ss:34-13-3-8, served via certified mail on or about 01/01/2019.

**Wherefore,** , Plaintiff THOMAS A. MYERS, prays this judgment be brought forth against Defendants, Muncie City Police Chief Sloan, and Department, in the official capacities, and against

Officer Josh Carrington, Officer Danielle Bradford, Officer John Henderson in their individual and official capacities, and for all relief available under Federal and Indiana law, including:

a. compensatory damages, loss of wages, loss of income, pain and suffering and permanent injury.

b. punitive damages

c. interest; and

d. all other proper relief.

## JURY DEMAND

Plaintiff hereby demands trial by jury.

Respectfully Submitted,

THOMAS A. MYERS /PRO SE

*Thomas A. Myers, Pro Se*

07/29/2020

THOMAS A. MYERS

2013 LAZYCREEK

MUNCIE IN

47302