UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| THOMAS A. MYERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-02044-JPH-MPB |
| | ) | |
| MUNCIE CITY POLICE DEPARTMENT, | ) | |
| NATHAN SLOAN Chief, | ) | |
| JOSH CARRINGTON Officer, | ) | |
| DANIELLE BRADFORD Officer, | ) | |
| JOHN HENDERSON Officer, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

### I.    *In Forma Pauperis* **Status**

Mr. Myers's motion to proceed *in forma pauperis*, dkt. [2], is **GRANTED**. *See* 28 U.S.C. § 1915(a).  While *in forma pauperis* status allows Mr. Myers to proceed without prepaying the filing fee, he remains liable for the full fees. *Ross v. Roman Catholic Archdiocese of Chicago*, 748 F. App'x 64, 65 (7th Cir. Jan. 15, 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' . . . but not without *ever* paying fees."). No payment is due at this time.

### II.    **Directing Service of Process**

The **clerk is directed** under Federal Rule of Civil Procedure 4(c)(3) to issue process to Defendants Muncie City Police Department, Nathan Sloan, Josh Carrington, Danielle Bradford, and John Henderson in the manner specified by Rule 4(d).  Process shall consist of the complaint, dkt. 1, applicable

1

forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

### III.   Motion to Appoint Counsel

Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). "Two questions guide this court's discretionary decision whether to recruit counsel: (1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Id.* (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). To decide the second question, the Court considers "whether the difficulty of the case— factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014).

Here, Mr. Myers has effectively communicated the claim he intends to pursue, and the Court has ordered that the complaint be served on Defendants. Mr. Myers has not shown a need for counsel to assist him in amending his complaint, or to "investigate and flesh out any claim that may exist." *Mapes v. Indiana*, 932 F.3d 968, 971-72 (7th Cir. 2019). The motion to appoint counsel is therefore **DENIED without prejudice**. Dkt. [3]. Mr. Myers may renew his motion to appoint counsel as necessary as this case progresses. **SO ORDERED.**

Date: 9/14/2020

James Patrick Hanlon
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

THOMAS A. MYERS
2013 Lazycreek
Muncie, IN 47302

Muncie Police Department
300 N. High St.
Muncie, IN 47305

Nathan Sloan
300 N. High St.
Muncie, IN 47305

Josh Carrington
300 N. High St.
Muncie, IN 47305

Danielle Bradford
300 N. High St.
Muncie, IN 47305

John Henderson
300 N. High St.
Muncie, IN 47305