UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THOMAS A. MYERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-02044-JPH-MPB |
| ) | |
| JON HENDERSON, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION ON MOTION TO DISMISS AND ORDER ON MOTION TO QUASH SUBPOENA OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER**

Officer Jon Henderson, the only remaining Defendant in this lawsuit, has filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 37(b) and 41(b) and Local Rule 37-1, seeking dismissal of this case due to the pro se Plaintiff's, Thomas Myers, failure to participate in discovery and failure to prosecute this action. (Docket No. 74). Myers has failed to respond to this motion. The Honorable James Patrick Hanlon has designated this matter to the Magistrate Judge pursuant to 28 U.S.C. § 636 to conduct and issue a report and recommendation, which now follows. For the reasons that follow, the Magistrate Judge **recommends** Henderson's Motion to Dismiss be **granted** and that this matter be **dismissed with prejudice**.

Separately, Henderson also moves to quash a subpoena issued by Myers or, alternatively, seeks a protective order. (Docket No. 85). Myers has also failed to respond to this motion. For completeness, this motion is also addressed herein and **GRANTED**.

**I.    BACKGROUND**

This matter was originally filed by Myers in August 2020 against the City of Muncie, Indiana ("the City") and several individual officers, related to an August 2, 2018, arrest

1

involving the Muncie Police Department and Myers's subsequent arrest. (Docket No. 19).[1] After some initial motion practice, the City served written discovery questions on Myers on February 10, 2021. The City and all other Defendants save Henderson were dismissed on June 29, 2021. (Docket No. 45). Henderson, having never received any answers to the discovery previously propounded by the City, propounded substantially the same discovery the City had previously propounded to Plaintiff on November 1, 2021. (Docket No. 52; Docket No. 62-1). Myers's responses were due on December 1, 2021. The date passed without any response from Myers.

On December 15, 2021, Henderson notified Myers that his answers and responses were overdue. (Docket No. 62-3). The letter was delivered by email and mail. (Docket No. 62-4; Docket No. 62-5). The matter was then discussed at a January 11, 2022, telephonic status conference with the Court where Myers was provided until February 10, 2022, to serve answers and responses or Henderson had leave to file a motion to compel. (Docket No. 60) ("The Plaintiff is ordered to provide answers to the Defendant's written discovery propounded on November 1, 2021, by February 10, 2022. If the Plaintiff does not provide answers by that date, the Defendant is authorized to immediately file a motion to compel."). An additional copy of the releases attached to the Interrogatories and Requests for Production and the Interrogatories and Requests for Production were emailed to Myers on January 18, 2022. (Docket No. 62-6).

Henderson's counsel spoke with Myers by telephone on February 1, 2022, and discussed that Myers's answers and responses were due by February 10, 2022. Myers requested a new copy of the Interrogatories and Requests for Production at that time. New copies of the Interrogatories and Requests for Production were sent to Myers by mail on February 3, 2022, and arrived on

---

[1] For a more detailed recitation of the facts and the procedural history of this case see Docket No. 44 ("Report and Recommendation and Order").

2

February 7. (Docket No. 62-7). Myers still failed to respond to Henderson's discovery.

On February 14, 2022, in accordance with the January 26, 2022, Order, Henderson filed a Motion to Compel Plaintiff's responses to the written discovery. (Docket No. 62). Myers did not respond to the motion to compel. On April 22, 2022, the motion to compel was granted, and Myers was directed to respond to the written discovery by May 1, 2022. (Docket No. 69). Myers was warned "[f]ailure to do so may result in sanctions, including but not limited to, payment of Officer Henderson's attorney's fees and possible dismissal of the case." (*Id.* at ECF p. 3). Despite the warning, Myers has failed to respond to discovery, nor has he contacted Henderson's counsel requesting additional time to respond. (Docket No. 75 at ECF p. 2).

## II.     MOTION TO DISMISS

Due to Myers's failure to participate in discovery and failure to prosecute this action, Henderson now seeks its dismissal with prejudice.

### A. Legal Standard

If a plaintiff fails to prosecute or to comply with the Federal Rules of Civil Procedure or a court order, a defendant may move to dismiss the action or any claim against it. Fed. R. Civ. P. 41(b). Additionally, the Court may order sanctions against a party for failing to cooperate in discovery, including dismissing the action or proceeding in whole or in part. Fed. R. Civ. P. 37. Unless a dismissal order states otherwise, involuntary dismissal ordinarily operates as an adjudication on the merits. Fed. R. Civ. P. 41(b).

The appropriateness of dismissal "depends on all the circumstances of the case." *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011) (citing *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 641-42 (1976), and *Link v Wabash R. Co.*, 370 U.S. 626, 633 (1962)). However, the Seventh Circuit has "urge[d] courts to consider imposing lesser

3

sanctions before dismissing a case for failure to prosecute." *Harris v. Emanuele*, 826 F. App'x 567, 569 (7th Cir. 2020) (citations omitted). Accordingly, "[s]uch dismissals are warranted 'only in extreme situations, where there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable.'" *Id.* (quoting *Dunphy v. McKee*, 134 F.3d 1297, 1299-1300 (7th Cir. 1998)).

**B. Analysis**

In support of his motion, Henderson argues that Myers's failure to respond to discovery and obey the Court's orders to respond warrants dismissal as a sanction under Federal Rule of Civil Procedure 37. Moreover, Henderson argues that Myers's failure to prosecute his case warrants dismissal of the Amended Complaint under Federal Rule of Civil Procedure 41(b). Myers does not respond to Henderson's motion.

The Federal Rules of Civil Procedure permit the sanction of dismissal for several reasons. Under Rule 37, the Court may sanction a party, dismissing the action or proceeding in whole or in part, for failing to cooperate in discovery. Fed. R. Civ. P. 37. Specifically, Rule 37 explicitly empowers the Court to order sanctions when a party fails to follow a Court order (Rule 37(b)) or when a party fails to answer written discovery (Rule 37(d)(1)(A)(ii)). Dismissal under Rule 37 requires a showing of willfulness, bad faith, or fault. *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009). Under Rule 41, the Court may involuntarily dismiss an action or part of an action: (1) where a plaintiff fails to prosecute the case; and (2) where a plaintiff fails to comply with a court order or the Federal Rules of Civil Procedure. Fed. R. Civ. P. 41(b). Dismissal under Rule 41(b) is a "stricter standard" that "requires a pattern of contumacious conduct and a showing of prejudice to the opposing party in order to justify dismissal for failure to prosecute or for noncompliance with court orders." *In re Pansier*, 417 F. App'x 565, 569 (7th Cir. 2011).

In the present matter, there is no dispute that Myers has failed to respond to the discovery. Myers has repeatedly failed to respond to Henderson's discovery requests for over five months. Prior to that, Myers did not respond to substantially similar discovery requests propounded by now-dismissed parties. This has resulted in no discovery having been collected from Myers at all in this matter and an inability for the case to progress. This failure to answer has continued despite two written admonishments from the Court. (Docket No. 60; Docket No. 69). Myers's continued disregard for the rules warrants the sanction of dismissal under Rule 37(b).

Additionally, Rule 41(b) allows a court to dismiss an action, upon motion, "if the plaintiff fails to prosecute or to comply with these rules or a court order." Imposing a Rule 41(b) involuntary dismissal is within the discretion of the trial court judge. *Ball v. City of Chi.*, 2 F.3d 752, 755 (7th Cir. 1993). Before the district court imposes a Rule 41(b) dismissal, it must consider five actors: (1) whether the wrongdoer received "due warning" that such a sanction was a possibility; (2) the frequency and magnitude of the wrongdoer's failure to comply with deadlines and other court orders; (3) the efficacy of less severe sanctions; (4) whether the misconduct prejudiced the other party or other litigants on the court's docket; and (5) the likely merits of the wrongdoer's case. *Graham v. Schomaker*, 215 F.3d 1329 (Table), 2000 WL 717093, at *4 (7th Cir. 2000) (citing *Ball*, 2 F.3d at 760). In this matter, all five factors weigh in favor of granting this motion and dismissing this matter.

First, in its Order granting Henderson's motion to compel, the Court warned Myers that his failure to propound the ordered discovery may result in sanctions, including dismissal of the case. (Docket No. 69). This is ample warning that non-compliance with the Court's order might result in dismissal of this matter.

Second, Myers has failed to comply with deadlines and court orders on several occasions.

5

As an initial matter, Henderson propounded discovery on November 1, 2021, and answers were due 30 days later. Myers did not answer or request an extension. The Court then ordered Myers to answer the discovery by February 10, 2022. (Docket No. 60). Again, Myers did not answer or request an extension. Henderson then filed a motion to compel answers to the discovery. Myers did not oppose the motion or otherwise respond. (Docket No. 62). The Court ordered compliance and warned of potential dismissal. (Docket No. 69). For a third time, Myers did not answer or request an extension. This illustrates a complete failure by Myers to comply with deadlines and court orders. Moreover, while the instant motion was pending, Henderson filed a motion for summary judgment (Docket No. 81). Despite being notified of his right to respond and to submit evidence, Myers did not respond. (Docket No. 83) ("[A] failure to properly respond will be the same as failing to present any evidence in your favor at a trial.").

      Third, there is not an appropriate, less severe sanction in this case. It would be inappropriate to allow Myers to litigate this action further when he has wholly failed to respond to any of Henderson's discovery requests, despite multiple attempts and ample warning from the Court. The Magistrate Judge acknowledges that dismissal is "a harsh sanction." *Oliva v. Trans Union, LLC*, 123 F. App'x 725, 727 (7th Cir. 2005). However, courts are not obligated to tolerate unnecessary and prolonged delay, nor is the Court "required to employ graduated sanctions." *Alston v. Deutsch Borse, AG*, 80 Fed. Appx. 517, 520 (7th Cir. 2003). Under these circumstances, a sanction short of dismissal with prejudice would not alleviate the prejudice to Henderson or otherwise result in Myers's participation in the discovery because, as the record establishes, Myers has been dismissive of nearly every court order or communication by Henderson's counsel. As the Seventh Circuit has recognized, "[o]nce a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party cannot decide for itself

6

when it feels like pressing its action and when it feels like taking a break." *In re Nora*, 417 F. App'x 573, 575 (7th Cir. 2011) (quoting *GCIU Emp. Ret. Fund v. Chicago Trib. Co.*, 8 F.3d 1195, 1198-99 (7th Cir. 1993)) (internal quotations omitted). Put simply, Myers is not at liberty to file this lawsuit and then wholly fail to respond without explanation.

Finally, regarding the merits of the case, the only remaining claim is Myers's failure to intervene claim (excessive force) against Officer Henderson. (Docket No. 45). The Seventh Circuit has long held that "'police officers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's right through the use of excessive force but fail to do so' may be held liable." *Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005) (quoting *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000)). To prove a case for a failure to intervene, a plaintiff must prove (1) an underlying constitutional violation and (2) a realistic opportunity to prevent the violation. *Id.*

In his Amended Complaint, Myers alleges that Officer Henderson "transported him to the Delaware County Jail, where he remained in close proximity, hearing distance, and for the entire time the Delaware County jailers engaged in beating, stomping, and body shaming [Plaintiff] which resulted in his spine being broken in five places." (Docket No. 19). However, despite the case's persistence on this Court's docket for over two years, Myers has not collected any evidence,[2] let alone that would support either the underlying constitutional violation, a necessary first prong, or any evidence of Henderson's failure to intervene. The only place Myers even pleads that his rights were violated on that evening is his Amended Complaint. (*Id.*). There, Myers states, "[t]he ensuing litigation, Ref. 119-c.v-221 2018, was settled in Mr. Myers

---

[2] Myers did submit a Subpoena Duces Tecum on August 10, 2022. That subpoena is the subject of Henderson's Motion to Quash, addressed herein. Henderson indicates that this is the only discovery that Myers has sought to collect.

favor through arbitration." (Docket No. 19 at ECF p. 3, ¶ 13). Myers's treatment by the Delaware County Jail Officers was the subject of another case filed in this Court, *Thomas A. Myers v. Skinner, et al.*, No. 1:19-cv-221-JPH-DLP. The case was not "settled in [his] favor." It was settled and all liability was denied. (Docket No. 81-1 at ECF p. 2). Nothing about the resolution of that case proves a constitutional violation. Henderson raises this argument that Myers lacks proof of an underlying constitutional violation in his Motion for Summary Judgment (Docket No. 81), which has not been responded to by Myers.

Even assuming Myers could provide an underlying constitutional violation, he would also need to prove that Henderson had a realistic opportunity to intervene and stop the violation. "[A] 'realistic opportunity to intervene' may exist whenever an officer could have 'called for a backup, called for help, or at least cautioned [the excessive force defendant] to stop.'" *Abdullahi v. City of Madison*, 423 F.3d 763, 774 (7th Cir. 2005). "Whether an officer had sufficient time to intervene or was capable of preventing the harm caused by the other officer is generally an issue for the trier of fact, unless, considering all the evidence, a reasonable jury could not possibly conclude otherwise." *Lanigan v. Vill. of East Hazel Crest*, 100 F.3d 467, 478 (7th Cir. 1997).

In his Amended Complaint, Myers admits that, at most, Henderson heard him scream at a time when other officers were violating his constitutional rights. Officer Henderson has provided Affidavits from Vaught and Waters, officers at the Delaware County Jail, who were present on the evening of August 8, 2018, and have stated that from Henderson's vantage point he could not have seen into the changing room where Myers as located at the time. (Docket No. 74-1). Myers has not rebutted this evidence either by responding to the Motion to Dismiss or by responding to the Motion for Summary Judgment. This, combined with Henderson's unopposed motion for summary judgment, tips this final factor in favor of dismissal.

8

### C. Conclusion

The Magistrate Judge **recommends** that Henderson's Motion to Dismiss (Docket No. 74) be **granted** and that this matter be dismissed under the Federal Rules of Civil Procedure 37(b) and 41(b).

### III. MOTION TO QUASH SUBPOENA OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

Myers served upon the City of Muncie Police Department ("MPD") and its Chief, Nathan Sloan, a subpoena on August 10, 2022, (the "Subpoena"), to which they seek to quash as they argue it was invalidly issued and served; has an unreasonable time for compliance; requests information protected by the attorney-client privilege and other privacy laws; requests information the MPD does not control; and otherwise subjects the MPD to an undue burden. (Docket No. 85). Consistent with his behavior throughout this litigation, Myers has failed to respond to the motion. For the reasons that follow the Motion to Quash (Docket No. 85) is **GRANTED** and the August 10, 2022, subpoena is hereby **quashed**.

### A. Legal Standard

> Under Fed. R. Civ. P. 45(d)(3)(A):
>
> On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
>
> (i) fails to allow a reasonable time to comply;
>
> . . .
>
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>
> (iv) subjects a person to undue burden.

## B. Discussion

The Subpoena requests "any and all stored information from body camera footage and any and all records of Thomas A. Myers from June 03 2017 to the present date of 08/10/2022." (Docket No. 85-1). The subpoena, issued August 10, 2022, requires that these videos and records be produced at the Delaware County Attorney's office at 12:44 am on August 17, 2022. (*Id.*). The subpoena also demands that Myers be allowed to inspect the premises of the "Muncie City Police Department Records Archive Room and All Applicable Dispatch Recording areas of M.C.P.D" "on August 18, 2022 at 12:46 am." (*Id.*). The Proof of Service section indicates that the subpoena was served by delivering a copy to Sloan via "self delivery at Muncie City Police Department." (*Id.* at ECF p. 2). On August 16, 2022, MPD and Sloan served their Objections to the Subpoena. (Docket No. 85-2).

Under Federal Rule of Civil Procedure 45(d)(3), the Court must quash a subpoena under the enumerated circumstances. Further, parties are not required to respond to subpoenas, which are invalid. As a pro se litigant who is not licensed to practice as an attorney before this Court, Myers had no authority to issue the Subpoena under Federal Rule of Civil Procedure 45(a)(3). Instead, the Clerk needed to sign and issue the Subpoena for the Plaintiff. The record does not demonstrate that this occurred. A subpoena which is invalidly "issued" by a pro se litigant "is null and void, and [parties] need not respond to it." *White v. Johnson*, No. 12-cv-623-JPG, 2012 WL 2884829, at *4 (S.D. Ill. July 13, 2012). Therefore, the Subpoena is invalid under Rule 45(a)(3).

Second, subpoenas may only be served by nonparties to the litigation under Rule 45(b)(1) ("Any person who is at least 17 years old and not a party may serve a subpoena."). The Plaintiff

10

purports to be the server of the Subpoena. (Docket No. 85-1 at ECF p. 2). Therefore, the Subpoena was improperly served under Rule 45(b)(1).

Even assuming that the subpoena was properly issued and properly served, it is problematic, nonetheless. The Subpoena requests compliance in one week's time. Pursuant to Local Rule 45-1, Myers was required to serve the Subpoena upon counsel for Henderson at least seven days prior to service upon the non-party, MPD. However, Myers served the Subpoena to Sloan himself, without any notice to Henderson at all, and requested compliance in seven days. Such timing, on the record, was unreasonable. The Subpoena also requests to inspect the "Muncie City Police Department Records Archive Room." While it is not known exactly what documents reside in the MPD Archive Room that Myers might now be seeking to inspect, it is likely that information there is subject to protection by the attorney-client privilege and the work-product doctrine. In addition, the records of MPD contain multitudes of personal information of officers, arrestees, victims, and witnesses, as well as investigatory materials. Much of this material is protected from disclosure under Indiana law (i.e., IC § 5-14-3-4(b)(1) and (23)) and is also completely unrelated to Myers's remaining claims. As such, the Subpoena is also appropriately quashed on these grounds.

Similarly, to the extent that the Subpoena requests to inspect the "Applicable Dispatch Recording areas of M.C.P.D," MPD does not do its own dispatch and, thus, this information is outside of MPD's control. Moreover, the Subpoena demands "any and all" body camera footage and records concerning Myers over a five-year period. (Docket No. 85-1). The scope of that request is overly broad and covers too long a time period to be proportional to any need Myers could have for the material in this litigation. MPD has already produced a number of items to Myers. While at the time of the alleged incident, Henderson's body camera was no longer

11

operating, the then-Defendants provided Myers with the body worn camera footage from Henderson and others present at the time of his arrest and related reports. Myers was also provided the 911 call, which precipitated MPD coming to his location. (Docket No. 28). While not originally in MPD's control, MPD collected the jail video depicting Myers's time there on August 3, 2018, and produced it to Myers on March 2, 2022.

### C. Conclusion

For all these reasons the Motion to Quash (Docket No. 85) is **GRANTED** and the August 10, 2022, subpoena is hereby **quashed**.

## IV.   CONCLUSION

The Magistrate Judge **recommends** that Henderson's Motion to Dismiss (Docket No. 74) be **granted** and that this matter be dismissed under the Federal Rules of Civil Procedure 37(b) and 41(b).

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

**SO RECOMMENDED.**

The Motion to Quash (Docket No. 85) is **GRANTED** and the August 10, 2022, subpoena is hereby **quashed**.

**SO ORDERED.**

Date: 1/12/2023

_____
Matthew P. Brookman
United States Magistrate Judge
Southern District of Indiana

Distribution:

THOMAS A. MYERS
2013 Lazycreek
Muncie, IN 47302

Tia J. Combs
FREEMAN MATHIS & GARY, LLP
tcombs@fmglaw.com

Daenayia Harris
Freeman Mathis & Gary, LLP
daenayia.hudson@fmglaw.com

Casey C. Stansbury
Freeman Mathis & Gary, LLP
cstansbury@fmglaw.com